Boston Electri · Co. *v.* Holtzer *et al.*

Same *v.* Holtzer-Cabot Electric Co. *et al.*

(*Circuit Court, D. Massachusetts.*   February 14, 1890.)

1. Patents for Inventions—Action for Infringement—Injunction—Electric Gas-Lighting Apparatus.

　　Letters patent No. 230,590 issued July 27, 1880, to Jacob P. Tirrell, for improvements in electric gas-lighting apparatus, consisting of mechanism whereby the gas-cock is turned by one electric impulse, is not so manifestly infringed by a device by which the cock is turned by a series of impulses as to warrant the issue of a preliminary injunction.

2. Same.

　　Letters patent No. 281,345, issued July 17, 1883, to Charles H. Crockett, for improvements in electric gas-lighting apparatus, consisting, in combination with the rocking valve of a gas-burner, of two independently acting armatures, pivoted to strike projections on the end of the valve, is not so manifestly infringed by a device by which the gas-cock is turned by means of a ratchet and pawl as to warrant the issue of a preliminary injunction.

In Equity.   On motion for injunction.

*John E. Abbott*, for complainant.
*Livermore, Fish & Richardson*, for defendants.

COLT, J. These cases were heard on motions for a preliminary injunction. The defendants are charged with infringing letters patent No. 230,590, granted July 27, 1880, to Jacob P. Tirrell, and letters patent No. 281,345, issued July 17, 1883, to Charles H. Crockett. Both of these patents relate to improvements in electric gas-lighting apparatus. In the case of this complainant against Fuller, (29 Fed. Rep. 515,) this court had occasion to consider the Tirrell patent, now in suit. It was said by the court in that case:

"In gas-burners, there is a portion of the tube, between the cock and the end of the tube, which becomes full of air when the gas is turned off. When the gas is again turned on, a little time is required to expel the air from the burner. If only one electric spark is produced at the tip of the burner the instant the gas-cock is turned, the air would not have escaped, and the gas may not be lighted. In the patented apparatus, the gas-cock is opened by a single impulse, and, by pressure on the button, a succession of sparks is produced at the burner-tip by the intermittent vibrations of the movable electrode and the armature, and these vibrations occur without further moving of the gas-cock, by reason of the notch in the forked end of the lever. In closing the gas-cock, no spark is produced at the burner-tip. There is evidence that this apparatus was the first which operated successfully in house-lighting, and that it has been extensively used. Now, it is apparent that this apparatus was not anticipated by the Tirrell inventions of 1871 and 1872, and contained in patents 121,302 and 130,770, nor by the Cutler patent No. 220,-704. None of these prior devices were so constructed that by the action of the electric current the gas-cock is turned by a single impulse, and a succession of sparks is produced at the burner-tip without further motion of the gas-cock. I am also satisfied that this improvement over prior devices constituted invention."

The first claim of the Tirrell patent, which is alone in controversy, reads as follows:

"In an electric-lighting gas-burner, a magnet for turning the gas-cock by one electric impulse, combined with a fixed electrode, a', and a movable electrode, c', normally in contact, and mechanism connecting the armature with the movable electrode to break the contact between a' and c' the instant after the gas is turned on, and create a spark for ignition, substantially as described."

It will be observed that an important feature of the Tirrell invention is turning the gas-cock by a single electric impulse, and this is made one of the elements of the first claim; in other words, the claim seems to be limited to an apparatus for turning the gas-cock by one electric impulse. In defendants' apparatus there is a lever on the end of the gas-cock, in connection with a ratchet and pawl, and thus the work of opening the gas-cock is divided into short steps; consequently, the defendants employ a series of impulses to open the gas-cock in place of a single impulse. It is said that this construction possesses certain advantages which it is unnecessary to enter into. I am aware that the experts for complainant disagree on the question whether the defendants' apparatus requires a series of impulses to open the gas-cock. But, up-

on the affidavits before me, and from what appears to be the mechanical structure of the defendants' device, as shown in the exhibits, I feel bound to decide, at least for the purpose of this motion, that the defendants are right in their contention. So far, then, as the Tirrell patent is concerned, the issue narrows itself down to this: Whether the court should enjoin the defendants against the use of a burner so constructed that the gas-cock is opened by a series of electric impulses, when the claim of the Tirrell patent makes the turning of the gas-cock by a single impulse one of its most important elements. On a motion for an injunction *pendente lite*, where the mind of the court must be satisfied on the subject of infringement, an injunction should not be granted under these circumstances.

We come now to the Crockett patent. Crockett states that the object of his invention is to simplify the construction of electric gas-lighters so that the parts will operate efficiently, and be cheap of production. The first claim is as follows:

"In combination with the rocking-valve of a gas-burner, two independently acting armatures, pivoted to strike projections on the end of the valve, one to open the valve, and the other to close it, and electro-magnets to actuate the armatures, substantially as and for the purpose set forth."

In view of the prior state of the art, I am inclined to think that the Crockett patent must be limited to the form of devices therein described, or what is clearly equivalent. In my opinion, the devices for opening the gas-cock, and especially the employment of the ratchet and pawl, which are found in the defendants' burner, should not be considered the equivalent of the projections at the end of the valve, and the opening devices described by Crockett. Without entering upon the other claims of the Crockett patent relied upon by the complainant, I am satisfied that unless a construction should be given to the Crockett patent which, considering the state of the art, would be unwarranted, the defendants' burner does not infringe that patent. At least, I have so much doubt upon the question that no injunction should issue. Motions denied.